314

(No. 43978.—■■■■■■■)

BOBBY DILLOW *et al.*, Appellants, v. THE CITY OF PEORIA *et al.*, Appellees.

*Opinion filed October 4, 1971.*

JAMES HATCHER, of Peoria, for appellants.

JEFFERY J. ESTES, Assistant Corporation Counsel, and RAYMOND J. FRASER, of LEITER, NEWLIN, FRASER, PARKHURST & McCORD, both of Peoria, for appellees.

MR. JUSTICE RYAN delivered the opinion of the court:

The city council of Peoria approved a plat for urban family subdivision which had been submitted by the defendant, Urban Family Residences, Inc., a not-for-profit corporation (hereafter called UFR). The plat disclosed that the subdivision is divided into 33 lots. Subsequent to the approval of the plat, defendant UFR applied for building permits for the subdivision. These permits were issued granting authority to build 33 duplex buildings in the subdivision each building containing two dwelling units. The subdivision is located in an R-1 Low Density Residential District as designated by section 2—6 of the zoning ordinance of the city of Peoria. The plaintiffs are

residents of and land owners in areas adjacent to or in close proximity to the subdivision. They filed suit in the circuit court of Peoria County asking for a declaration that the proposed use of the subdivision violated the zoning ordinance of the city, for an order declaring the building permits void and for an injunction against the construction of duplex buildings in an R-1 Low Density Residential District. At the conclusion of the trial before the court judgment was entered in favor of the defendants.

The plaintiffs contend that section 2—6 of the zoning ordinance of the City of Peoria is so vague, uncertain and lacking in standards as to violate constitutional guarantees of due process of law. The language complained of is found in the introductory paragraph to section 2—6 of the ordinance, which is as follows:

> "This district is designed to protect and preserve quiet low density residential areas that are presently developed and those areas that will be developed with single-family dwellings (and with duplexes where additional yard area is provided) and which areas are characterized by *high ratio of home ownership.* The regulations for this district are designed to stabilize and protect the residential character of the district and to promote and encourage suitable environment for activities associated with family life. Development is limited to a relatively low concentration and the uses permitted are limited principally to single-family and two-family dwellings ***."

(Emphasis added.)

Following this introductory paragraph there is contained in section 2—6 of the ordinance a list of uses permitted which list includes both one-family dwellings and two-family dwellings.

The objection of the plaintiffs is to the language of the ordinance italicized above. They contend that the phrase "high ratio of home ownership" is not defined in

the ordinance and has no common-law origin or history which would give it meaning. Therefore plaintiffs contend there are no recognized standards or understanding on which the meaning of the characteristics of an R-1 district can be bottomed. We feel that the plaintiffs have misinterpreted the nature of the introductory paragraph to section 2—6 of the ordinance.

The language of this introductory paragraph is contained in a paragraph numbered 2—6.1000 and is a paragraph which contains general language descriptive of the district and the uses of the land permitted therein. It obviously was not the intention of the city council that this language should constitute specific conditions and standards. Each section of the ordinance defining a different district has a similar introductory paragraph and each such paragraph is given the number of .1000 under the appropriate section number. The language contained in each of these introductory paragraphs generally describes the purpose of the district and the uses permitted therein and the language used in making such description is general in nature.

Plaintiffs have singled out one phrase in the introductory paragraph and have based their constitutional argument thereon. We must consider all of section 2—6 of the ordinance. In reading all of section 2—6 one learns that in both the introductory paragraph (section 2—6.1000) and under the heading of Uses Permitted (section 2—6.2000) two-family dwellings are specifically mentioned as a use permitted within the district. In addition to specifying one-family dwellings and two-family dwellings as permitted uses, section 2—6.2000 specifically enumerates other uses permitted within an R-1 district. In view of these specific provisions we cannot say that section 2—6 of the zoning ordinance of the city of Peoria is vague or uncertain as plaintiffs contend.

Plaintiffs contend that although section 2—6 of the

ordinance lists two-family dwellings as a permitted use in an R-1 district the ordinance cannot be construed as permitting an entire subdivision of duplex housing units. Plaintiffs have asked this court to read into the ordinance a legislative intent not to permit an entire subdivision of two-family dwellings. Plaintiffs' argument is based on provisions of the previous zoning ordinance of Peoria, the desirability of permitting duplex housing units in a "Low Density Residential District" and a possible high density of population in a subdivision composed entirely of duplexes.

These are arguments that should have been addressed to the legislative forum and not to the court. The city council did not see fit to place a limitation on the number of two-family dwellings that could be constructed in any subdivision in such a district.

Defendant UFR in reliance on the clear langauge of section 2—6 purchased the property, platted it into a subdivision, prepared construction plans and applied for building permits for what under the ordinance was a proper and legal use of the lands. Pursuant to the clear language of the statute the building permits were issued. We are of the opinion that the circuit court of Peoria properly denied the relief requested by the plaintiffs.

*Judgment affirmed.*